```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/28/13
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
AMBAC ASSURANCE CORPORATION and
THE SEGREGATED ACCOUNT OF AMBAC     :
ASSURANCE CORPORATION,                    No. 12 Civ. 7937 (MGC)
                                    :
        Plaintiffs,
                                    :
        - against -                       **CONFIDENTIALITY
                                    :   STIPULATION AND PROTECTIVE
CAPITAL ONE, N.A., as successor by merger to   ORDER**
CHEVY CHASE BANK, F.S.B.,           :

        Defendant.                  :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

    This matter having come before the Court by Stipulation of Plaintiffs Ambac Assurance Corporation and the Segregated Account of Ambac Assurance Corporation ("Ambac" or "Plaintiffs") and Defendant Capital One, N.A., as successor by merger to Chevy Chase Bank, F.S.B. ("Capital One" or "Defendant"), for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, (1) limiting the use of confidential and/or proprietary documents and information to be produced by either Plaintiffs or Defendant (each a "Party" and collectively the "Parties") or by any non-party in the course of discovery in this matter, and (2) establishing a mechanism to preserve the privileged or protected status of inadvertently produced materials; and the Parties having stipulated and agreed to the terms set forth herein, and good cause having been shown;

    IT IS hereby ORDERED that:

    1.  This Stipulation and Order is being entered into to facilitate the production, exchange, and discovery of all documents and information, including depositions, deposition exhibits, interrogatory responses, admissions, produced or provided by the Parties and any non-

parties in connection with discovery, that any Party or non-party believes in good faith merit confidential treatment (hereinafter the "Documents" or "Testimony").

2.  A Producing Party (as defined in Paragraph 3(d)) may designate Documents produced or Testimony given by any Party or non-party in connection with this action as Confidential Information (as defined in Paragraph 3(a)) subject to this Stipulation and Order by placing a "Confidential" notation on the Document or in its file name (if the Document is produced in native format); by statement on the record at the time of such disclosure during a deposition or other pretrial Testimony; by written advice to the respective undersigned counsel for the Parties hereto; or by other appropriate means. Failure to designate a document as "Confidential" does not constitute a waiver of a claim of confidentiality.

3.  As used herein:

(a) "Confidential Information" shall mean any Documents and Testimony, and all information contained therein and excerpts thereof, and other information designated as "Confidential," if such Documents or Testimony (i) contain trade secrets, proprietary business information, or competitively sensitive information; (ii) contain nonpublic personal information within the meaning of the Gramm-Leach-Bliley Act (15 U.S.C. § 6801 *et seq.*) (hereinafter "Nonpublic Personal Information") or constitute "consumer reports" within the meaning of the Fair Credit Reporting Act (15 U.S.C. § 1681a) (collectively, with the Gramm-Leach-Bliley Act, "the Acts"); that may have been collected or produced in connection with originating, purchasing, or servicing a mortgage loan (collectively, "Personal Financial Information"); (iii) contain other information, the disclosure of which would, in the good faith judgment of the Party or non-party designating the material as "Confidential," be detrimental to the conduct of that

Party's (or non-party's) business or the business of any of that Party's (or non-party's) customers or clients.

(b) "Producing Party" shall mean the Parties to this action and any non-parties producing Confidential Information hereunder in connection with depositions, document production, or otherwise, or the Party asserting the confidentiality privilege, as the case may be.

(c) "Receiving Party" shall mean the Party to this action and any non-parties receiving Confidential Information in connection with this action, including in depositions, document production, or otherwise.

4. In order to expedite production of voluminous loan origination and loan servicing files, a Party (or affiliate of a Party) may produce such materials without review (including a review to determine whether a privilege or other immunity from discovery, or a confidentiality designation, applies to some of the documents), subject to the "clawback" procedures in this Stipulation and Order (Paragraph 15) or otherwise agreed to. In doing so, the Party or its affiliate may designate as "Confidential" those collections of documents that by their nature contain Confidential Information notwithstanding that some of the documents within the collection may not qualify for such designation. Further, if, with respect to productions of voluminous loan origination and loan servicing files made pursuant to this Paragraph 4, a Party or its affiliate notifies the other Party that it, for any reason, disclosed documents or information that are protected from disclosure under the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity from disclosure, or the Receiving Party discovers such disclosure (in which case the Receiving Party shall give the Producing Party prompt notice), the disclosure shall not be deemed a waiver in this litigation or in any other state or federal proceeding of the applicable privilege or protection.

5. The Receiving Party may at any time notify the Producing Party that the Receiving Party does not concur in the designation of a Document or other material as Confidential Information. If the Producing Party does not agree to declassify such Document or material, the Receiving Party may move before the Court for an order declassifying those Documents or materials. If no such motion is filed, such Documents or materials shall continue to be treated as Confidential Information. If such a motion is filed, the Documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

6. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Information shall not be furnished, shown, or disclosed to any person or entity except to:

(a) Current or former personnel of Plaintiffs or Defendants actually engaged in assisting in the conduct of this litigation and who have been advised of their obligations hereunder;

(b) Persons who authored or received Documents containing Confidential Information prior to its production in this action;

(c) The court-appointed Rehabilitator of the Segregated Account ("Rehabilitator") and counsel for the Parties to this action and their associated and temporary attorneys, paralegals, other professional personnel (including support staff), professional advisors, and service vendors (including outside copying and litigation support services) who directly assist the Rehabilitator or such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of the Rehabilitator or counsel, and who have been advised by the Rehabilitator or counsel of their obligations hereunder;

(d) Expert witnesses or consultants who have been consulted for the purpose of being retained, or who have been retained, by the Parties or their counsel, to furnish technical or expert services in connection with the conduct of this action or to give Testimony in the course of the conduct of this action; and the employees of such experts or consultants when working in connection with the conduct of this action under the direct supervision of said persons, provided, however, that such Confidential Information is furnished, shown or disclosed in accordance with Paragraph 8 hereof;

(e) The Court and Court personnel, if filed in accordance with paragraph 13 hereof;

(f) An officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer, if furnished, shown or disclosed in accordance with Paragraph 11 hereof;

(g) Trial and deposition witnesses, if furnished, shown, or disclosed in accordance with Paragraphs 10 and 11, respectively, hereof;

(h) Any other person agreed to by the Parties; and

(i) Any other person as required by law, regulation, the rules of any government agency or self-regulatory organization, or the order of a court of competent jurisdiction.

7. Confidential Information shall be utilized by the Receiving Party and its counsel only for purposes of this litigation and for no other purpose. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof. The Receiving Party shall maintain any Personal Financial Information that it receives hereunder in accordance with the Acts and other applicable federal and state privacy laws.

8.  Before any disclosure of Confidential Information is made to a prospective expert witness or a consultant pursuant to Paragraph 6(d), counsel for the Receiving Party shall obtain an undertaking signed by the expert witness or consultant, in the form of Exhibit A ("Confidentiality Undertaking"). Counsel for the Receiving Party obtaining the Confidentiality Undertaking shall supply a copy to counsel for the other Party at the time of the disclosure of the information required to be disclosed Federal Rule of Civil Procedure 26(a)(2). Any Confidentiality Undertaking signed by an expert or consultant whom the Receiving Party in good faith reasonably does not expect to call as a witness at trial does not need to be disclosed.

9.  All depositions shall presumptively be treated as Confidential Information and subject to this Stipulation and Order during the deposition and for a period of fifteen (15) days after a transcript of said deposition is received by counsel for each of the Parties. At or before the end of such fifteen (15)-day period, the deposition shall be classified appropriately.

10. This Stipulation and Order shall not preclude counsel for the Parties from using during any deposition in this action any Documents or information which have been designated as "Confidential Information" under the terms hereof. Any stenographer and non-party deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and Order and shall execute the Confidentiality Undertaking attached hereto as Exhibit A. Counsel for the Party obtaining the Confidentiality Undertaking shall supply a copy to counsel for the other Party.

11. If Confidential Material is to be filed with the Court in connection with any proceedings herein, it shall be filed with the Clerk of the Court under seal pursuant to the procedures identified on the website of the Southern District of New York, http://www.nysd.uscourts.gov/cases_records.php?records=sealed_records, and Local Civil Rule

5.2. The Clerk of the Court is directed to maintain the confidentiality of any documents and transcripts of testimony filed in accordance with the above. Where possible, only portions of the materials containing Confidential Material shall be filed under seal.

(a) If, at any hearing in connection with any motion or other proceeding, a party intends to offer into evidence any Confidential Material of the opposing party or third party, the party intending to offer the material shall inform counsel for the Producing Party a reasonable time in advance so that the Producing Party may take such steps as he or it deems reasonably necessary to preserve the confidentiality of such material.

(b) In the event that a Receiving Party seeks to use Confidential Information during any hearing or trial before the Court, including through argument or the presentation of evidence, such information shall not lose its status as Confidential Information through such use.

12. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its confidential nature as provided in Paragraph 2 of this Stipulation and Order, may be so designated by the Party or non-party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving Party identifying the document or information as "Confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

13. The production or disclosure of Confidential Information shall not constitute a waiver of the Parties' rights to object to the production or disclosure of other information in this action or in any other action.

14. If Confidential Information is disclosed to or comes into the possession of any person other than in a manner authorized in this Stipulation and Order, the party responsible for

the disclosure shall immediately upon its discovery of such disclosure inform all other parties in possession of such Confidential Information of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent further disclosure by each unauthorized person who received the Confidential Information.

15. With regard to inadvertent disclosures of any documents or other information that is protected by the attorney-client privilege, the work product doctrine, a joint defense privilege, or any applicable privilege, immunity, or protective doctrine ("Privileged Materials"):

(a) The inadvertent production or disclosure of any Privileged Materials shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of such Privilege. In the event of an inadvertent production or disclosure, the Producing Party may provide written notice that Privileged Materials have been inadvertently produced or disclosed. Within seven (7) days of receipt of such notice, any person that has received such Privileged Materials shall return to the Producing Party all such material and copies thereof in its possession and shall make reasonable efforts to reclaim and return all such material.

(b) Any Party receiving materials that, on their face, appear to be Privileged Materials, shall provide prompt notice of the disclosure to the Producing Party to afford the Producing Party the opportunity to designate the materials as inadvertently produced Privileged Materials subject to the "clawback" provision in Subparagraph 15(a).

16. Any person in possession of Confidential Information who receives a subpoena or other process in another action or proceeding seeking production or other disclosure of another Party's or non-party's Confidential Information shall promptly give telephonic notice and written notice by overnight delivery, electronic mail, or facsimile to counsel for the designating Party or

8

non-party, enclosing a copy of the subpoena or other process, unless prohibited by law from doing so.

17. This Stipulation and Order may be changed by further order of this Court and is entered into without prejudice to the rights of a party to move for relief from any of its provisions or to seek or agree to different or additional protection for any particular material or information by properly noticed motion to the Court.

18. Nothing herein shall be deemed to waive any privilege recognized by law or shall be deemed an admission as to the admissibility into evidence of any facts or documents revealed in the course of disclosure.

19. This Stipulation and Order has no effect upon, and shall not apply to, a Party's use of its own Confidential Information for any purpose. Nothing herein shall impose any restrictions on the use or disclosure by a Party of documents, materials, or information designated as Confidential that have been obtained lawfully by such Party independently of the proceedings in this action.

20. To the extent any state or federal law or other legal authority governing the disclosure or use of Personal Financial Information (hereinafter "Personal Financial Information Law") permits disclosure of such information pursuant to an order of a court, this Stipulation and Order shall constitute compliance with such requirement. To the extent any Personal Financial Information Law requires a Party to obtain a court-ordered subpoena or give notice to or obtain consent, in any form or manner, from any person or entity before disclosure of any Personal Financial Information, the Court finds that, in view of the protections provided for the information disclosed in this Stipulation and Order, the volume of documents to be produced, and the ongoing oversight of the Court, there is good cause to excuse such requirement, and this

Stipulation and Order shall consitute an express direction that the Party is exempted from obtaining a court-ordered subpoena or having to notify and/or obtain consent from any person or entity prior to the disclosure of Personal Financial Information. To the extent that any Personal Financial Information Law requires that any person or entity be notified prior to disclosure of Personal Financial Information except where such notice is prohibited by court order, the Court directs that, in view of the protections provided for the information disclosed in this Stipulation and Order, the volume of documents to be produced, and the ongoing oversight of the Court, the parties are explicitly prohibited from providing such notice, provided, however, that this Stipulation and Order shall not prohibit either Party from contacting any person or entity for any other purpose. Any Party may seek additional orders from this Court that such Party believes may be necessary to comply with any Personal Financial Information Law.

21.     This Stipulation and Order shall, absent prior written consent of both parties, or order of a court of competent jurisdiction, continue to be binding after the conclusion of this litigation except that: (a) there shall be no restriction on documents that are used as exhibits in Court, unless such exhibits were filed under seal; and (b) a Party may seek the written permission of the Producing Party or further order of the Court with respect to dissolution or modification of the Stipulation and Order.

22.     Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed at the option of the Receiving Party. In the event that any party chooses to destroy physical objects or documents, such party shall certify in writing within sixty (60) days of the final termination of this litigation that it has undertaken reasonable efforts to destroy such physical objects or

documents and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits.

23. This Stipulation and Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility. Nothing in this Stipulation and Order shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

\* \* \*

Agreed to this 5th of June, 2013:

PATTERSON BELKNAP WEBB & TYLER LLP

*/s/*

Philip R. Forlenza (*prforlenza@pbwt.com*)
Peter W. Tomlinson
(*pwtomlinson@pbwt.com*)
Henry J. Ricardo (*hjricardo@pbwt.com*)
Benjamin S. Litman (*blitman@pbwt.com*)
1133 Avenue of the Americas
New York, New York 10036-6710
Telephone: (212) 336-2000
Fax: (212) 336-2222

*Attorneys for Ambac Assurance Corporation
and the Segregated Account of Ambac
Assurance Corporation*

Of Counsel:

FOLEY & LARDNER LLP
Jeffrey A. Simmons* (*jsimmons@foley.com*)
150 East Gilman Street
Verex Plaza
Madison, Wisconsin 53703-1481
Telephone: 608) 257-5035
Fax: (608) 258-4258

*Admitted pro hac vice

*Attorneys for the Segregated Account of
Ambac Assurance Corporation*

MURPHY & McGONIGLE, P.C.

*/s/ Cameron S. Matheson*

Cameron S. Matheson
James A. Murphy
4870 Sadler Road, Suite 301
Glen Allen, Virginia 23060
(804) 762-5320

James K. Goldfarb
Soren E. Packer
60 East 42nd Street, Suite 5230
New York, New York 10165
(212) 880-3961

*Attorneys for Capital One, N.A.*

SO ORDERED: Subject to amendment by the court as the interest of justice requires
Dated: June 27, 2013
New York, New York

/s/

_____
THE HONORABLE MIRIAM GOLDMAN
CEDARBAUM
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

AMBAC ASSURANCE CORPORATION and
THE SEGREGATED ACCOUNT OF AMBAC              :
ASSURANCE CORPORATION,                                  No. 12 Civ. 7937 (MGC)
                                                                          :
               Plaintiffs,
                                                                          :
        - against -                          **AGREEMENT WITH RESPECT TO**
                                                                          :   **CONFIDENTIAL INFORMATION**
CAPITAL ONE, N.A., as successor by merger to
CHEVY CHASE BANK, F.S.B.,                                 :

               Defendant.                 :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


I, _____, state that:

1. My address is

_____

2. My present employer is

_____

3. My present occupation or job description is

_____

4. I have received a copy of the Confidentiality Stipulation and Protective order (the "Stipulation and Order") entered in the above-titled action on _____.

5. I have carefully read and understand the provisions of the Stipulation and Order.

6. I will comply with all of the provisions of the Stipulation and Order.

7.  I will hold in confidence, will not disclose to anyone not qualified under the Stipulation and Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

8.  I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

9.  I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation and Order in this action.

Signature: _____

Name: _____

Dated: _____